### HARTNESS v. IBERIA & V. R. CO.

(District Court, E. D. Louisiana, New Orleans Division. March 22, 1924.)

No. 17051.

1. **Courts ⬅⮕375—State statutes enforced in federal courts.**
    Under Rev. St. § 721 (Comp. St. § 1538), state statutes of limitation are enforced in federal courts.

2. **Commerce ⬅⮕8(1)—Congress has regulated whole field of carriers in their relation to interstate commerce.**
    Congress has endeavored to control the whole field of interstate commerce and to regulate the relations between shippers and carriers, so as to secure uniformity throughout the country, and the Interstate Commerce Act (Comp. St. § 8563 et seq.) must be so construed.

3. **Commerce ⬅⮕8(13)—Reasonable limitation of actions adopted by carrier enforced against state statutes.**
    Under the Interstate Commerce Act (Comp. St. § 8563 et seq.), where carrier adopts a reasonable limitation of actions, it will be enforced as against state statutes allowing longer periods for filing suit.

4. **Carriers ⬅⮕30—Regulations and rates filed with Interstate Commerce Commission part of all bills of lading.**
    The rules, regulations, and rates filed by carriers with the Interstate Commerce Commission enter into and form part of all contracts of shipment, whether shipper has notice of them or not.

5. **Courts ⬅⮕375—Transportation Act has effect of statute of limitations, state laws to contrary notwithstanding.**
    Transportation Act, § 438 (Comp. St. Ann. Supp. 1923, § 8604a), making it unlawful for a common carrier to provide a shorter period for giving notice of claims than 90 days, for filing claims than 4 months, and for in-

---

⬅⮕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

stitution of suits than 2 years, the period for institution of suits to be computed from the day carrier gives notice that claim has been disallowed, govern the relationship between shipper and carrier with regard to suits for damages on shipments of freight to the exclusion of all state laws, and to that end this section has the effect of a statute of limitations, and state laws to the contrary do not apply, under Rev. St. § 721 (Comp. St. § 1538).

6. **Carriers** ⬅︎**159(2),160—Carrier may grant longer periods, but not shorter periods, for filing claims or instituting suits than minimum provided by law.**

A carrier is at liberty to grant longer periods for the filing of claims or the institution of suits than the minimum provided by Transportation Act, § 438 (Comp. St. Ann. Supp. 1923, § 8604a); but, when a bill of lading attempts to shorten the time, the law must be considered as written into it, and must govern.

In Equity. Suit by O. W. Hartness against the Iberia & Vermilion Railroad Company. Submitted on exceptions. Exceptions overruled.

Abraham Goldberg, of New Orleans, La., and Mac Asbill, of Atlanta, Ga. (Dufour, Goldberg & Kammer, of New Orleans, La., of counsel), for petitioner.

Denegre, Leovy & Chaffe, and Harry McCall, all of New Orleans, La., for defendant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, La., amici curiæ.

FOSTER, District Judge. This is a suit to recover damages for delay in delivering 606 pockets of rice shipped from Abbeville, La., to Charleston, S. C., over the defendant railroad. The material allegations of the petition are substantially these: That the rice was shipped on March 20, 1920; that a reasonable time for delivery is three weeks, but the rice was not delivered until September 9, 1920, a delay of over five months; that it was not properly cared for in transit, so that it arrived in a damaged condition.

An exception of prescription, based on the law of Louisiana (Act 223 of 1914), was filed by defendant. The act relied on provides that all actions for loss or damage to shipments of freight shall be prescribed in two years, such prescription to run from date of shipment. The plaintiff relies upon a clause in the bill of lading, the pertinent part of which is:

"As conditions precedent to recovery, claims must be made in writing to the originating or delivering carrier within six months after the delivery of the property or, in case of failure to make delivery within six months after a reasonable time for delivery has elapsed; and suits for loss, damage, or delay shall be instituted only within two years and one day after delivery of the property. * * *"

The petition was filed August 20, 1922, more than two years after the date of shipment, but less than two years after the date of delivery.

[1] It is contended by defendant that the only federal statute applicable to the case is section 438 of the Transportation Act (Comp. St. Ann. Supp. 1923, § 8604a), which reads as follows:

"That it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice

⬅︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of claims than ninety days, for the filing of claims than four months, and for the institution of suits than two years, such period for institution of suits to be computed from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice."

Further, that this law was not complied with in the clause printed in the bill of lading, and therefore the whole clause is void, and the limitation of the action must be governed by the law of Louisiana quoted above; that, if the bill of lading be considered as a contract, no valid agreement could be made waiving prescription before it had accrued (article 3460 of the Civil Code of Louisiana); that section 438 of the Transportation Act is not a statute of limitation, but merely a regulation of the carriers in adopting their bills of lading, and therefore the carrier has the right to rely upon the state law.

It may be conceded that, if there is no controlling federal statute and no valid limitation imposed by the bill of lading, the state statutes of limitation would apply. State statutes of limitation are enforced in federal courts by virtue of section 721, R. S. (Comp. St. § 1538), which reads:

"The laws of the several states, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."

Congress undoubtedly could amend section 721 of the Revised Statutes, and provide that no state statute of limitation should have any application in the federal courts, or could adopt a specific statute of limitation, or, by clearly indicating its intention to control a certain subject, exclude the application of any state statute thereto.

[2] Since the original act to regulate commerce in 1887 (Comp. St. § 8563 et seq.), Congress by repeated enactment has endeavored to control the whole field of interstate commerce and to regulate the relations between shippers and carriers, so as to secure uniformity throughout the country.

[3, 4] The Interstate Commerce Law must be construed to give it the effect intended by Congress. Johnson v. So. Pac. Co., 196 U. S. 1, 25 Sup. Ct. 158, 49 L. Ed. 363. It is well settled that, where the carrier adopts a reasonable limitation of actions, it will be enforced as against state statutes allowing longer periods for filing suit, and that the rules and regulations, as well as the rates, filed by the carriers with the Interstate Commerce Commission, enter into and form part of all contracts of shipment, whether the shipper has notice of them or not.

[5] Considering the repeated decisions of the Supreme Court and the whole trend of interstate legislation, it is clear that Congress intended the enactment above quoted to govern the relationship between the shipper and the carrier with regard to suits for damages on shipments of freight to the exclusion of all state laws. To that end it has the effect of a statute of limitations, and state laws to the contrary do not apply, under the provisions of R. S. § 721.

[6] Carriers are required by law to issue bills of lading. The carrier is at liberty to grant longer periods for the filing of claims or the insti-

tution of suits than the minimum provided by law; but, when the bill of lading attempts to shorten the time, the law should be considered as written into it and must govern.

An exception of vagueness was also filed, but it is without merit.

The exceptions will be overruled.