No. 2453

Second Circuit

---

WILLIAMS, HILL & CO. v. MORGAN'S LOUISIANA & TEXAS RAILWAY & STEAMSHIP CO.

---

(June 2, 1926, Opinion and Decree)

---

(*Syllabus by the Editor*)

1. Louisiana Digest—United States—Par. 1.

Congress has authority to limit the time of bringing actions on claims against the government arising out of its control and operation of railroads.

2. Louisiana Digest—Carriers of Passengers and Goods—Par. 131.

The recitals of a bill of lading allowing an action for loss of damage to freight shipments within two years and one day cannot prevail against an Act of Congress, namely, Section 206 (a), 41 Fed. Statute Laws 461, granting two years as a period of limitation for such actions.

(See Sec. 1 of Act 223 of 1924 of Louisiana. Editor's note.)

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides. Hon. R. C. Culpepper, Judge.

Action by Williams, Hill & Co. against Morgan's Louisiana & Texas Railway & Steamship Co.

There was judgment for plaintiff and defendant appealed.

Judgment reversed and plea of prescription sustained.

Hackenyos, Hunter & Scott, of Alexandria, attorneys for plaintiff, appellee.

White, Holloman & White, of Alexandria, attorneys for defendant, appellant.

ODOM, J. On October 24, 1919, plaintiff shipped a lot of cotton in bales over defendant's line of railroad from Cheneyville, Louisiana, to Alexandria, Louisiana, the shipment reaching Alexandria on October 28, 1919. The cotton was delivered to the compress in Alexandria on October 28, 1919, and, on the following day, the 29th, was unloaded at the compress and found to be in a damaged condition.

On October 26, 1921, plaintiff filed this suit to recover the amount of the damage to the cotton, and service was made on

the Director General of Railroads on October 29, 1921.

Defendant filed a plea of prescription of two years, which was referred to the merits, and upon a trial of the case on its merits the plea was overruled and there was judgment in favor of the plaintiff for $165.05, the amount claimed. Defendant has appealed.

## OPINION

The suit, in reality, is one against James C. Davis, Director General of Railroads, as the cause of action arose during the period of federal control.

The shipment of cotton was received by the defendant and its bill of lading issued therefor on October 24, 1919.

Delivery of the cotton was made four days later—on October 28, 1919.

Service of the petition and citation in the suit was made on October 29, 1921—two years and one day after the delivery of the cotton but two years and five days after it was received and bill of lading issued by the defendant.

Act No. 223 of 1914, Section 1, reads as follows:

"Be it enacted by the General Assembly of the State of Louisiana, that all actions by or against common carriers for the collection or recovery of erroneous freight charges, and all actions for loss or damage to shipments of freight, shall be prescribed by two years, said prescription to run from the date of shipment."

Under the specific terms of this act the action brought by plaintiff is barred unless, as contended by plaintiff, the recitals of the bill of lading are controlling on this point.

The bill of lading issued by the defendant contains the following clause:

"And suits for loss, damage or delay shall be instituted only within two years and one day after delivery of the property, or in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has passed."

This suit was brought and service made within two years and a day from the delivery of the cotton; but the bill of lading was issued and the cause of action arose during federal control and operation of railroads and by Act of Congress dated February 28, 1920, federal control of railroads and systems of transportation terminated at 12 o'clock A. M. on March 1, 1920. In that act Congress provided for the disposition of all claims against the agent of the President of the United States arising out of such control and fixed the period of time within which actions on such claims might be brought as follows:

"Sec. 206 (a). Actions Against Agent of President—Period of Limitation—Courts Having Jurisdiction:

"Actions at law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use, or operation by the president of the railroad or system of transportation of any carrier (under the provisions of the Federal Control Act, or of the Act of August 29, 1916), of such character as prior to federal control could have been brought against such carrier, may, after the termination of federal control, be brought against an agent designated by the president for such purpose, which agent shall be designated by the president within thirty days after the passage of this act. Such actions, suits or proceedings may within the periods of limitation now prescribed by state or federal statutes but no later than two years from the date of the passage of this act, be brought in any court which but for federal control would have had jurisdiction of the cause o

action had it arisen against such carrier. 41 Stat. L. 461."

Congress unquestionably had authority to limit the time of bringing actions on claims against the government arising out of its control and operation of the railroads. This it has done by the act cited above. The recitals of the bill of lading cannot prevail against the act of Congress, which is paramount.

Counsel for plaintiff cite the case of Hartness vs. New Iberia & V. Railway Co., 297 Fed. 622, decided by Federal Judge Foster, holding:

"Carriers are required by law to issue bills of lading. The carrier is at liberty to grant longer periods for the filing of claims or the institution of suits than the minimum provided by law; but, when the bill of lading attempts to shorten the time, the law should be considered as written into it and must govern."

That case is not authority on the point at issue in the case at bar. The bill of lading in that case was issued on March 20, 1920, twenty days after federal control had terminated, and the shipment was interstate and not intrastate as in this case.

The cause of action in the case at bar arose and the bill of lading was issued during federal control, and by special Act of Congress the action was barred at the end of two years from the date on which the cotton was shipped and the bill of lading issued.

Under the plain letter of the law and the act, we think the plea of prescription should have been sustained.

Under this view it becomes unnecessary to discuss the merits of the case.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment of the lower court be and is hereby reversed and the plea of prescription is sustained and plaintiff's suit dismissd at its cost.